IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY B. JONES                                                                                    PLAINTIFF

VS.                                                                              CIVIL ACTION NO. 3:07cv201-JCS

WEXFORD HEALTH SOURCES, et al.                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of Defendant Derek Miles, M.D., to dismiss the claims against him.  Plaintiff has not responded to the motion.  Having considered the motion, the complaint, and Plaintiff's testimony at the *Spears*[1] hearing, the court concludes that the motion should be granted.

Plaintiff is a convicted state inmate who during the relevant time period was incarcerated at the Mississippi State Penitentiary.  Defendant Miles is a urologist to whom Plaintiff was referred for a consulting examination for pain in the pelvic area.  Dr. Miles examined Plaintiff on November 27, 2006 and ordered an ultrasound, which was apparently performed on that same day.  The ultrasound revealed a small hydrocele of the left testicle.  Dr. Miles' opinion was that no followup treatment by him was indicated.

Plaintiff's allegations against Dr. Miles as set forth in his pleadings are that Dr. Miles allowed an improperly-trained technician to perform the ultrasound and that Dr. Miles failed to provide any follow-up treatment.  At the *Spears* hearing, Plaintiff failed to provide any further specific allegations against Dr. Miles.  The court concludes that these allegations are insufficient to state a claim under section 1983.  Where the wrong

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Plaintiff's allegations do not meet these standards. Although Plaintiff may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Accordingly, the motion is hereby granted, and the claims against Dr. Miles are dismissed.

      SO ORDERED, this the 3rd day of October, 2008.

                                              /s/ James C. Sumner
                                              UNITED STATES MAGISTRATE JUDGE