IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY B. JONES                                                       PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:07cv201-JCS

WEXFORD HEALTH SOURCES, et al.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This §1983 cause is before the court on the motions of several defendants for summary judgment. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Plaintiff has not responded to the motions for summary judgment. Having considered the motions and the admissible evidence of record, the court concludes that the motions should be granted and that all of Plaintiff's claims should dismissed with prejudice.

Plaintiff is a state inmate currently housed at South Mississippi Correctional Institution. He has sued prison health officials for failure to provide adequate health treatment. His specific complaint is that Defendants have failed to diagnose and treat his groin pain. At the *Spears* hearing, he testified that his lawsuit is based upon Defendants' "giving me the runaround all this time and not doing any exploratory surgery as I have requested."

In support of their motions, Movants have provided a copy of Plaintiff's lengthy prison medical record, along with an eleven-page summary of Plaintiff's medical

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

treatment since his arrival into the state prison system in 2005. The medical record indicates that Plaintiff has received extensive and frequent medical care while in the custody of the Mississippi Department of Corrections. That treatment has included particular attention to his complaints of pain in the groin area. Since July of 2006, Jones has been evaluated and examined by numerous physicians, including a urologist, for these complaints. He has also undergone lab tests, ultrasound examinations and x-rays of the testicles, and a CT scan of the abdomen and pelvis. The ultrasound examinations have revealed the presence of a small hydrocele of the left testicle. All other findings have been essentially normal.

Where the wrong complained of is a denial of medical treatment, a prisoner must establish deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff has failed to come forward with any evidence approaching deliberate indifference. Rather, it appears that Plaintiff's primary complaint is that his health care providers have refused to perform exploratory surgery at his request. Plaintiff's mere disagreement as to what type of medical treatment is appropriate does not give rise to a constitutional claim. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, the motions for summary judgment are hereby granted. The claims asserted against the defendants who have not moved for summary judgment will

likewise be dismissed with prejudice. A separate judgment will be entered.

So ordered and adjudged, this the 22nd day of September, 2009.

/s/ James C. Sumner  
UNITED STATES MAGISTRATE JUDGE